UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| WILLIAM D. WILKS, <br><br> Plaintiff, <br><br> v. <br><br> GLOBAL PAYMENT CHECK SERVICES, INC., <br><br> Defendant. | Case No. 1:21-cv-00723 |

## COMPLAINT

**NOW COMES** WILLIAM D. WILKS, by and through his undersigned counsel, complaining of GLOBAL PAYMENT CHECK SERVICES, INC., as follows:

## NATURE OF THE ACTION

1. This is an action seeking redress for violations of the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227 *et seq.*

2. The primary purpose of the TCPA was to protect individuals from the harassment, invasion of privacy, inconvenience, nuisance, and other harms associated with unsolicited, automated calls." *Parchman v. SLM Corp.,* 896 F.3d 728, 738-39 (6th Cir. 2018) *citing* Telephone Consumer Protection Act of 1991, Pub. L. No. 102-243, § 2, 105 Stat. 2394 (1991).

## JURISDICTION AND VENUE

3. This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331.

4. Venue in the Northern District of Illinois is proper pursuant to 28 U.S.C. § 1391(b)(2) because Defendant has its principal place of business in this District.

1

**PARTIES**

5. WILLIAM D. WILKS ("Plaintiff") is a natural person, over 18-years-of-age, who at all times relevant resided in North Carolina.

6. Plaintiff is a "person" as defined by 47 U.S.C. § 153(39).

7. GLOBAL PAYMENTS CHECK SERVICES, INC. ("Defendant") is a corporation that maintains its principal place of business in Chicago, Illinois.

8. Defendant is a "person" as defined by 47 U.S.C. § 153(39).

**FACTUAL ALLEGATIONS**

9. At all times relevant, Plaintiff was the sole operator, possessor, and subscriber of the cellular telephone number ending in 5225.

10. At all times relevant, Plaintiff's number ending in 5225 was assigned to a cellular telephone service as specified in 47 U.S.C. § 227(b)(1)(A)(iii).

11. At all times relevant, Plaintiff was financially responsible for his cellular telephone equipment and services.

12. At some point, Plaintiff purchased services through Defendant (the alleged "subject debt").

13. In or around January 2021, Plaintiff started to receive phone calls from Defendant on his cellular telephone.

14. On multiple occasions, Plaintiff answered and was met by a conspicuous lengthy pause and was required to say "hello" numerous times prior to being connected to a representative.

15. On the very first phone call, Defendant informed Plaintiff that he owed $16 and asked how Plaintiff would like to pay for the alleged subject debt.

16. Plaintiff, knowing that he did not owe the alleged subject debt, simply hung up.

17. On the second phone call, Plaintiff requested that Defendant stop calling him as he was not aware of a reason that he still owed money.

18. During this phone call, Defendant's representative again demanded payment and stated that Defendant would continue to call every day until payment was made.

19. Despite Plaintiff's request that the collection calls cease, Defendant continued to place collection calls to Plaintiff.

20. Plaintiff has received calls from Defendant as recently as February 5, 2021.

21. In total, Defendant has placed at least 29 unconsented to and unwanted collection calls to Plaintiff after Plaintiff initially requested that the calls cease.

22. Defendant's phone calls are placed from various numbers including, but not limited to (877) 215-8120.

## **DAMAGES**

23. Defendant's harassing phone calls have severely disrupted Plaintiff's everyday life and overall well-being.

24. Defendant's phone calls have caused Plaintiff actual harm, including but not limited to: aggravation that accompanies persistent and unwanted phone calls; anxiety; emotional distress; increased risk of personal injury resulting from the distraction caused by the phone calls; wear and tear to Plaintiff's cellular phone; intrusion upon and occupation of Plaintiff's cellular telephone; temporary loss of use of Plaintiff's cellular phone; invasion of privacy; loss of battery charge; loss of concentration; mental anguish; nuisance; the per-kilowatt electricity costs required to recharge Plaintiff's cellular telephone as a result of increased usage of Plaintiff's telephone services; and wasting Plaintiff's time.

25. Moreover, each time Defendant placed a telephone call to Plaintiff, Defendant occupied Plaintiff's cellular telephone such that Plaintiff was unable to receive other phone calls or otherwise utilize his cellular telephone while his phone was ringing.

26. Plaintiff was forced to initiate the instant litigation to compel Defendant to cease its unlawful conduct.

## CLAIMS FOR RELIEF

### COUNT I:
### Telephone Consumer Protection Act
### 47 U.S.C. § 227 *et. seq.*

27. All paragraphs of this Complaint are expressly adopted and incorporated herein as though fully set forth herein.

28. Defendant placed or caused to be placed at least 29 non-emergency calls, including but not limited to the aforementioned collection calls, to Plaintiff's cellular telephone utilizing an automatic telephone dialing system ("ATDS") or an artificial or prerecorded voice without Plaintiff's consent in violation of 47 U.S.C. §227 (b)(1)(A)(iii).

29. The TCPA defines ATDS as "equipment which has the capacity—(A) to store or produce telephone numbers to be called, using a random or sequential number generator; and (B) to dial such numbers." 47 U.S.C. § 227(a)(1).

30. Upon information and belief, based on the lack of prompt human response during the phone calls in which Plaintiff answered, Defendant used an ATDS to place calls to Plaintiff's cellular phone number.

31. Upon information and belief, the dialing system employed by Defendant transfers the call to a live agent once a human voice is detected, thus resulting in Plaintiff being required to

say "Hello" numerous times, followed by a lengthy pause after the called party speaks into the phone.

33. As pled above, Plaintiff revoked consent to be called on his cellular phone during phone calls that he answered.

33. As pled above, Plaintiff was harmed by Defendant's incessant collection calls to his cellular phone.

34. Upon information and belief, Defendant has no system in place to document and archive whether it has consent to contact consumers on their cellular phones.

35. Upon information and belief, Defendant does not maintain adequate policies and procedures that would enable it to effectively process and honor the requests of consumers that the collection calls cease.

36. Upon information and belief, Defendant knew that its collection practices were in violation of the TCPA yet continued to employ them to maximize efficiency and profits.

37. As a result of Defendant's violations of 47 U.S.C. §227(b)(1)(A)(iii), Plaintiff is entitled to receive $500.00 in damages for each violation.

38. As a result of Defendant's knowing and willful violations of 47 U.S.C. §227(b)(1)(A)(iii), Plaintiff is entitled to receive up to $1,500.00 in treble damages for each violation.

**WHEREFORE**, Plaintiff, WILLIAM D. WILKS, requests the following relief:

A. a finding that Defendant violated 47 U.S.C. § 227 *et seq.*;

B. an award of statutory damages of at least $500.00 for each and every violation;

C. an award of treble damages of up to $1,500.00 for each and every violation; and

D. an award of such other relief as this Court deems just and proper.

**Plaintiff demands trial by jury.**

DATED: February 9, 2021                                    Respectfully submitted,

**WILLIAM D. WILKS**

By: */s/ Victor T. Metroff*

Mohammed O. Badwan
Victor T. Metroff
Sulaiman Law Group, Ltd.
2500 South Highland Avenue
Suite 200
Lombard, Illinois 60148
(630) 575-8180
mbadwan@sulaimanlaw.com
vmetroff@sulaimanlaw.com