**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| WILLIAM D. WILKS,<br><br>               Plaintiff,<br><br>    v.<br><br>GLOBAL PAYMENT CHECK SERVICES, INC.,<br><br>              Defendant. | Case No. 1:21-cv-00723<br><br>Honorable Sheila M. Finnegan |

**DEFENDANT'S ANSWER AND AFFIRMATIVE DEFENSES TO
PLAINTIFF'S COMPLAINT**

Defendant Global Payment Check Services, Inc. ("Global" or "Defendant"), hereby

submits its Answer to Plaintiff William D. Wilks' Complaint ("Complaint") (D.E. 1), as follows:

**NATURE OF THE ACTION**[1]

1.    **Complaint:**  This is an action seeking redress for violations of the Telephone

Consumer Protection Action ("TCPA"), 47 U.S.C. § 227 *et seq.*

        **Response:**  Global admits that Plaintiff purports to bring this action under the

TCPA, which speaks for itself.  Except as expressly admitted herein, Global denies the remaining

allegations of this paragraph and denies any wrongdoing.  Global further denies that Plaintiff has

any causes of action against Global or is entitled to any relief whatsoever against Global.

2.    **Complaint:**  This primary purpose of the TCPA was to protect individuals from
the harassment, invasion of privacy, inconvenience, nuisance, and other harms associated with
unsolicited, automated calls."  *Parchman v. SLM Corp.*, 896 F.3d 728, 738-39 (6th Cir. 2018)
*citing* Telephone Consumer Protection Act of 1991, Pub. L. No. 102-243, § 2, 105 Stat. 2394
(1991).

---

[1] For the Court's convenience, Global has incorporated the "headings" that appear in the
Complaint, as well as the formatting of those headings.  However, Global does not necessarily
agree with and does not admit the characterizations of such headings unless specifically admitted
herein; nor does Global waive any right to object to those characterizations.

**Response:** Global admits that the allegations in paragraph 2 purportedly refer to a Sixth Circuit opinion, which speaks for itself. Except as expressly admitted herein, Global denies the allegations in paragraph 2.

## JURISDICTION AND VENUE

3. **Complaint:** This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331.

**Response:** The jurisdictional allegations in paragraph 3 constitute legal conclusions to which no response is required. To the extent a response is required, Global denies that this Court has subject matter jurisdiction over this action because Global denies that Plaintiff suffered an injury sufficient to satisfy Article III and denies that any injury Plaintiff did suffer is fairly traceable to any conduct by Global. Global further states that the Court lacks jurisdiction because Plaintiff's claims are subject to arbitration.

4. **Complaint:** Venue in the Northern District of Illinois is proper pursuant to 28 U.S.C. § 1391(b)(2) because Defendant has its principal place of business in this District.

**Response:** The jurisdictional allegations in paragraph 4 constitute legal conclusions to which no response is required. To the extent a response is required, Global denies that venue is proper because Plaintiff's claims are subject to arbitration.

## PARTIES

5. **Complaint:** WILLIAM D. WILKS ("Plaintiff") is a natural person, over 18-years-of-age, who at all times relevant resided in North Carolina.

**Response:** Global is without information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 5 and therefore denies them.

6. **Complaint:** Plaintiff is a "person" as defined by 47 U.S.C. § 153(39).

**Response:** The allegations in paragraph 6 constitute legal conclusions to which no response is required. To the extent a response is required, Global admits that Plaintiff purports to

2

bring this action as a natural person.

7.    **Complaint:**  GLOBAL PAYMENTS CHECK SERVICES, INC. ("Defendant") is a corporation that maintains its principal place of business in Chicago, Illinois.

**Response:**  Global admits it is a corporation with its principal place of business in Niles, Illinois.  Except as expressly admitted herein, Global denies the allegations in paragraph 7.

8.    **Complaint:**  Defendant is a "person" as defined by 47 U.S.C. § 153(39).

**Response:**  The allegations in paragraph 8 constitute legal conclusions to which no response is required.  To the extent a response is required, Global admits that the allegations refer to the TCPA, which speaks for itself.  Except as expressly admitted herein, Global denies the allegations in paragraph 8.

## FACTUAL ALLEGATIONS

9.    **Complaint:**  At all times relevant, Plaintiff was the sole operator, possessor, and subscriber of the cellular telephone number ending in 5225.

**Response:**  Global is without information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 9 and therefore denies them.

10.    **Complaint:**  At all relevant times, Plaintiff's number ending in 5225 was assigned to a cellular telephone service as specified in 47 U.S.C. § 227(b)(1)(A)(iii).

**Response:**  Global is without information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 10 and therefore denies them.

11.    **Complaint:**  At all relevant times, Plaintiff was financially responsible for his cellular telephone equipment and services.

**Response:**  Global is without information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 11 and therefore denies them.

12.    **Complaint:**  At some point, Plaintiff purchased services through Defendant (the alleged "subject debt").

**Response:**  Global admits the allegations in paragraph 12.

13.    **Complaint:**  In or around January 2021, Plaintiff started to receive phone calls from Defendant on his cellular telephone.

**Response:**  Global admits it contacted Plaintiff at the home telephone number ending in 5225 that Plaintiff provided (and consented to receive calls from Global at), starting on January 14, 2021.  Except as expressly admitted herein, Global denies the allegations in paragraph 13.

14.    **Complaint:**  On multiple occasions, Plaintiff answered and was met by a conspicuous lengthy pause and was required to say "hello" numerous times prior to being connected to a representative.

**Response:**  Global is without information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 14 and therefore denies them.

15.    **Complaint**: On the very first phone call, Defendant informed Plaintiff that he owed $16 and asked how Plaintiff would like to pay for the alleged subject debt.

**Response:**  Global denies the allegations in paragraph 15.

16.    **Complaint:**  Plaintiff, knowing he did not owe the alleged subject debt, simply hung up.

**Response:**  Global denies that Plaintiff did not owe the subject debt.  Global is without information or knowledge sufficient to form a belief as to the truth of the remaining allegations in paragraph 16 and therefore denies them.

17.    **Complaint:**  On the second phone call, Plaintiff requested that Defendant stop calling him as he was not aware of a reason that he still owed money.

**Response:**  Global denies the allegations in paragraph 17.

18.    **Complaint:**  During this phone call, Defendant's representative again demanded payment and stated that Defendant would continue to call every day until payment was made.

**Response:**  Global denies the allegations in paragraph 18.

19.    **Complaint:**  Despite Plaintiff's request that the collection calls cease, Defendant continued to place collection calls to Plaintiff.

**Response:**  Global denies the allegations in paragraph 19.

4

20. **Complaint**: Plaintiff has received calls from Defendant as recently as February 5, 2021.

**Response:** Global admits the last call it made to Plaintiff at the home telephone number ending in 5225 that Plaintiff provided (and consented to receive calls from Global at) occurred on February 5, 2021. Except as expressly admitted herein, Global denies the allegations in paragraph 20.

21. **Complaint:** In total, Defendant has placed at least 29 unconsented to and unwanted collection calls to Plaintiff after Plaintiff initially requested that the calls cease.

**Response:** Global denies the allegations in paragraph 21.

22. **Complaint**: Defendant's phone calls are placed from various numbers including, but not limited to (877) 215-8120.

**Response:** Global admits all phone calls it placed to Plaintiff reflected telephone number (877) 215-8120. Except as expressly admitted herein, Global denies the allegations in paragraph 22.

## DAMAGES

23. **Complaint:** Defendant's harassing phone calls have severely disrupted Plaintiff's everyday life and overall well-being.

**Response:** Global denies the allegations in paragraph 23.

24. **Complaint:** Defendant's phone calls have caused Plaintiff actual harm, including but not limited to: aggravation that accompanies persistent and unwanted phone calls; anxiety; emotional distress; increased risk of personal injury resulting from the distraction caused by the phone calls; wear and tear to Plaintiff's cellular telephone; intrusion upon and occupation of Plaintiff's cellular telephone; temporary loss of use of Plaintiff's cellular telephone; invasion of privacy; loss of battery charge; loss of concentration; mental anguish; nuisance; the per-kilowatt electricity costs required to recharge Plaintiff's cellular telephone as a result of increased usage of Plaintiff's telephone services; and wasting Plaintiff's time.

**Response:** Global denies the allegations in paragraph 24.

25. **Complaint:** Moreover, each time Defendant placed a telephone call to Plaintiff,

5

Defendant occupied Plaintiff's cellular telephone such that Plaintiff was unable to receive other phone calls or otherwise utilize his cellular telephone while his phone was ringing.

**Response:** Global denies the allegations in paragraph 25.

26. **Complaint**: Plaintiff was forced to initiate the instant litigation to compel Defendant to cease its unlawful conduct.

**Response:** Global denies the allegations in paragraph 26.

## CLAIMS FOR RELIEF

### COUNT I:
### Telephone Consumer Protection Act
### 47 U.S.C. § 227 *et seq.*

27. **Complaint:** All paragraphs of this Complaint are expressly adopted and incorporated herein as though fully set forth herein.

**Response:** In response to paragraph 27, Global incorporates its responses to paragraphs 1 through 26 as if fully set forth herein.

28. **Complaint:** Defendant placed or caused to be placed at least 29 non-emergency calls, including but not limited to the aforementioned collection calls, to Plaintiff's cellular telephone utilizing an automatic telephone dialing system ("ATDS") or an artificial or prerecorded voice without Plaintiff's consent in violation of 47 U.S.C. § 227(b)(1)(A)(iii).

**Response:** Global denies the allegations in paragraph 28.

29. **Complaint:** The TCPA defines ATDS as "equipment which has the capacity— (A) to store or produce telephone numbers to be called, using a random or sequential number generator; and (B) to dial such numbers." 47 U.S.C. § 227(a)(1).

**Response:** Global admits that the allegations in paragraph 29 purportedly refer to the TCPA, which speaks for itself. Except as expressly admitted herein, Global denies the allegations in paragraph 29.

30. **Complaint**: Upon information and belief, based on the lack of prompt human response during the phone calls in which Plaintiff answered, Defendant used an ATDS to place calls to Plaintiff's cellular phone number.

**Response:** Global denies the allegations in paragraph 30.

31. **Complaint:** Upon information and belief, the dialing system employed by Defendant transfers the call to a live agent once a human voice is detected, thus resulting in Plaintiff being required to say "Hello" numerous times, followed by a lengthy pause after the called party speaks into the phone.

**Response:** Global denies the allegations in paragraph 31.

32. **Complaint:** As pled above, Plaintiff revoked consent to be called on his cellular telephone during phone calls that he answered.

**Response:** Global denies that Plaintiff was entitled to unilaterally revoke his contractual consent to receive calls from Global except by the exclusive opt-out method provided in Global's Terms of Service. Global further denies that Plaintiff ever availed himself of this simple, contractual opt-out procedure. Global does not have information or knowledge sufficient to form a belief as to the truth of the remaining allegations in paragraph 32 and therefore denies them.

33. **Complaint:** As pled above, Plaintiff was harmed by Defendant's incessant collection calls to his cellular phone.

**Response:** Global denies the allegations in paragraph 33.

34. **Complaint:** Upon information and belief, Defendant has no system in place to document and archive whether it has consent to contact consumers on their cellular phones.

**Response:** Global denies the allegations in paragraph 34.

35. **Complaint:** Upon information and belief, Defendant does not maintain adequate policies and procedures that would enable it to effectively process and honor the requests of consumers that the collection calls cease.

**Response:** Global denies the allegations in paragraph 35.

36. **Complaint:** Upon information and belief, Defendant knew that its collection practices were in violation of the TCPA yet continued to employ them to maximize efficiency and profits.

**Response:** Global denies the allegations in paragraph 36 and denies any wrongdoing.

37. **Complaint:** As a result of Defendant's violations of 47 U.S.C. § 227(b)(1)(A)(iii),

Plaintiff is entitled to receive $500.00 in damages for each violation.

      **Response:** Global denies the allegations in paragraph 37 and denies any wrongdoing. Global further denies that Plaintiff is entitled to any relief whatsoever against Global.

    38.   **Complaint:** As a result of Defendant's knowing and willful violations of 47 U.S.C. § 227(b)(1)(A)(iii), Plaintiff is entitled to receive up to $1,500.00 in treble damages for each violation.

      **Response:** Global denies the allegations in paragraph 38 and denies any wrongdoing. Global further denies that Plaintiff is entitled to any relief whatsoever against Global.

    Global denies the allegations after Plaintiff's "WHEREFORE" section, including the allegations in subparagraphs A through D, and specifically denies that Plaintiff is entitled to damages, treble damages, or any relief whatsoever.

## DEMAND FOR JURY TRIAL

    Global denies that any of the allegations set forth in the Complaint allege triable issues against Global.

## GENERAL DENIAL

    Global denies all allegations set forth in the Complaint that are not specifically admitted herein.

## AFFIRMATIVE DEFENSES

    Global asserts the following defenses to the claims and allegations set forth in the Complaint. By asserting these defenses, Global does not admit that it bears the burden of proof or the burden of persuasion with respect to any particular defense.

### FIRST AFFIRMATIVE DEFENSE
### (Failure to State a Cause of Action)

    The Complaint fails to allege facts sufficient to state a cause of action against Global. For example, Plaintiff failed to show that any calls he allegedly received were those for "which the

8

called party is charged" as required by the TCPA.

## SECOND AFFIRMATIVE DEFENSE
### (Contractual Limitations)

Plaintiff agreed to Terms of Service for the VIP Preferred Program, and his claims are limited by the terms contained therein. For example, Plaintiff consented to receive contact via automated dialing systems and agreed to arbitrate his claims on an individual basis.

## THIRD AFFIRMATIVE DEFENSE
### (Arbitration and Class Waiver)

Plaintiff is barred from asserting his claims in this forum because his claims are subject to a binding arbitration agreement and an agreement to arbitrate his disputes on an individual (non-class) basis, depriving the Court of jurisdiction over Plaintiff's claims, and rendering venue in this Court improper.

## FOURTH AFFIRMATIVE DEFENSE
### (Consent)

Plaintiff is barred from asserting his claims in whole or in part because the calls at issue were sent with his prior express permission and/or consent and that consent was either irrevocable or was not effectively revoked.

## FIFTH AFFIRMATIVE DEFENSE
### (No Automatic Telephone Dialing System)

The TCPA claims are barred because Defendant did not use an "automatic telephone dialing system" as defined in the TCPA. For example, Defendant did not use a telephone dialing system with the capacity "to store or produce telephone numbers to be called, using a random or sequential number generator." *See Facebook, Inc. v. Duguid et al.*, --- S. Ct. ----, 2021 WL 1215717 (Apr. 1, 2021).

9

## SIXTH AFFIRMATIVE DEFENSE
### (No Pre-Recorded Voice)

The TCPA claims are barred because Global did not use a "pre-recorded voice" as defined in the TCPA.

## SEVENTH AFFIRMATIVE DEFENSE
### (Acquiescence, Ratification, Estoppel, and Waiver)

Plaintiff is barred from asserting his claims, in whole or in part, by the doctrine of acquiescence and ratification, estoppel, and/or waiver. For example, Plaintiff cannot assert claims under the TCPA against Global to the extent he voluntarily provided his telephone number for the purpose of receiving calls like the ones referenced in the Complaint.

## EIGHTH AFFIRMATIVE DEFENSE
### (Unclean Hands)

Plaintiff is barred from asserting his claims, in whole or in part, by the doctrine of unclean hands. For example, Plaintiff cannot assert claims under the TCPA if he acted in bad faith by, for example, seeking to recover for calls that she blocked, or providing the subject number to Global.

## NINTH AFFIRMATIVE DEFENSE
### (Statute of Limitations)

To the extent Plaintiff alleges TCPA violations that fall outside the statute of limitations in the TCPA, Plaintiff's claims are barred.

## TENTH AFFIRMATIVE DEFENSE
### (Laches)

Plaintiff is barred from asserting his claims in whole or in part by the doctrine of laches.

## ELEVENTH AFFIRMATIVE DEFENSE
### (Failure to Mitigate Damages)

Plaintiff is barred from asserting his claims in whole or in part by his failure to mitigate damages.

## TWELFTH AFFIRMATIVE DEFENSE
### (No Knowing or Willful Misconduct)

Any claim for treble damages is barred because Global did not engage in knowing or willful misconduct. For example, Global does not knowingly or willfully employ an automatic telephone dialing system and only calls numbers of persons who consent to receive such calls.

## THIRTEENTH AFFIRMATIVE DEFENSE
### (No Proximate Cause)

Global did not proximately cause any damages, injury, or violation alleged in the Complaint. Instead, to the extent any harm occurred, the acts of third parties (such as vendors, Plaintiff, or other persons who provided the number on which Plaintiff was allegedly called) proximately caused any damages, injuries, or violations at issue, to the extent they occurred.

## FOURTEENTH AFFIRMATIVE DEFENSE
### (No Standing)

Plaintiff lacks standing to bring the claims alleged in the Complaint, especially against Global because any harm allegedly caused by the calls at issue (which Global denies) is not fairly traceable to any violation allegedly committed by Global, pursuant to *Spokeo, Inc. v. Robins*, 135 S. Ct. 1892 (2015).

## FIFTEENTH AFFIRMATIVE DEFENSE
### (Adequate Remedy at Law)

The Complaint fails to state a claim for injunctive relief because Plaintiff has an adequate remedy at law. For example, the TCPA provides for statutory penalties of $500 to $1,500 per call,

or monetary compensation for actual damages.

## SIXTEENTH AFFIRMATIVE DEFENSE
### (First Amendment)

The TCPA and the regulations and rules promulgated thereunder violate the First Amendment of the United States Constitution. For example, they impose content-based restrictions on speech that fail to withstand strict scrutiny.

## SEVENTEENTH AFFIRMATIVE DEFENSE
### (Due Process)

The application of the TCPA upon which the Complaint is based, including the imposition of statutory damages on Global, would violate the Due Process provisions of the United States Constitution and/or Illinois Constitution. For example, certain definitions contained in the TCPA render the statute unconstitutionally vague. Additionally, the statutory penalties sought by Plaintiff are excessive.

## EIGHTEENTH AFFIRMATIVE DEFENSE
### (No Charge)

Plaintiff was not "charged for the call" with respect to the calls at issue in this lawsuit, as that term is used in the TCPA.

## NINETEENTH AFFIRMATIVE DEFENSE
### (Hobbs Act)

The Hobbs Act cannot be validly or constitutionally applied to preclude Global from raising defenses to an action arising under the TCPA or rules or regulations promulgated thereunder.

**TWENTIETH AFFIRMATIVE DEFENSE**
**(Residential Number)**

The claims brought in the Complaint are barred to the extent they seek recovery for calls to a telephone number that Global believed was and/or that Plaintiff represented was residential (not cellular).

**TWENTY-FIRST AFFIRMATIVE DEFENSE**
**(Damages Limitation)**

Plaintiff is barred from asserting his claims in light of the limitation on exclusive remedies and damages set forth in the applicable Terms of Service.

**TWENTY-SECOND AFFIRMATIVE DEFENSE**
**(Substantial Compliance with Laws)**

Global is not liable to Plaintiff because Global acted reasonably and with due care and substantially complied with all applicable statutes, regulations, ordinances, and/or other laws.

**TWENTY-THIRD AFFIRMATIVE DEFENSE**
**(Reasonable Practices)**

All claims brought in the Complaint are barred in whole or in part because Global has established and implemented reasonable practices and procedures to prevent violations of the TCPA, and related regulations.

**TWENTY-FOURTH AFFIRMATIVE DEFENSE**
**(Bona Fide Error)**

All claims brought in the Complaint are barred in whole or in part because, to the extent there was any violation of the TCPA and related regulations (which is denied), any such violation was not intentional and resulted from a *bona fide* error.

**TWENTY-FIFTH AFFIRMATIVE DEFENSE**
**(Good Faith)**

All claims brought in the Complaint are barred because Global possessed a good faith belief that it had consent to call the numbers at issue.

**TWENTY-SIXTH AFFIRMATIVE DEFENSE**
**(FCC Exceeding Delegated Authority)**

Plaintiff's TCPA claims are barred to the extent they are based on regulations or rulings that exceed the FCC's delegated authority.

**TWENTY-SEVENTH AFFIRMATIVE DEFENSE**
**(Reservation of Right to Assert Further Defenses)**

Global has not knowingly or intentionally waived any applicable defenses and gives notice that it intends to rely on such other and further affirmative defenses as may become available during discovery in this action. Global reserves the right to amend its Answer to assert any such defense.

**PRAYER FOR RELIEF**

WHEREFORE, Global prays for judgment as follows:

1.    That Plaintiff take nothing from Global by reason of this Complaint and that judgment be entered in Global's favor;

2.    For dismissal of the Complaint with prejudice;

3.    That the Court award Global costs and reasonable attorneys' fees;

4.    For such other relief as the Court deems just and proper.

DATED:      April 22, 2021.

/s/ *Justin M. Penn*
Justin M. Penn (6283726)
**Hinshaw & Culbertson LLP**
151 North Franklin Street, Suite 2500
Chicago, IL 60606
Telephone: 312-704-3000
Facsimile: 312-704-3001
jpenn@hinshawlaw.com
*Counsel for Defendant*
*Global, LLC*

**<u>CERTIFICATE OF SERVICE</u>**

I hereby certify that on April 22, 2021, I filed the foregoing document using the Court's

CM/ECF system, which will send a notice of electronic filing to all parties of record.

By: <u>/s/ *Justin M. Penn*</u>
    Justin M. Penn

16